UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIDGET SAXTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05454<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 14, 2011, plaintiff filed applications for disability insurance and SSI benefits, alleging disability beginning August 29, 2010. *See* Dkt. 11, Administrative Record ("AR") 11. The applications were denied upon initial administrative review on May 1, 2011 and on reconsideration on August 31, 2011. *See* AR 11, 133-39, 140-47. A hearing was held before an

ORDER - 1

administrative law judge ("ALJ") on October 11, 2012, at which plaintiff, represented by a non-attorney representative, appeared and testified, as did a vocational expert. *See* AR 29-76.

In a decision dated November 5, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 8-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 7, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. On June 10, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on August 26, 2014. *See* Dkt. 11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in rejecting the medical opinion evidence; (2) in rejecting the lay witness evidence; (3) in improperly assessing plaintiff's impairments at step two; and (4) in discounting plaintiff's credibility. For the reasons set forth below, the Court agrees the ALJ erred in assessing the medical evidence, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

ORDER - 2

359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.  The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson,* 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149. "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Plaintiff contends that the ALJ erred by giving little weight to the opinion of examining psychologist Dr. Terilee Wingate, Ph.D. *See* Dkt. 14, pp. 2-8. Dr. Wingate submitted a psychological/psychiatric evaluation in February of 2011. AR 343-52. The report was based on information obtained from a clinical interview with a mental status examination ("MSE") of plaintiff. *See id.* Dr. Wingate diagnosed plaintiff with major depressive disorder, recurrent, severe with psychotic features; post traumatic stress disorder; cannabis dependence; and borderline personality disorder. AR 346.

Dr. Wingate opined that plaintiff has mild limitations in her ability to understand, remember and carry out simple instructions and to be aware of normal hazards and take appropriate precautions, and plaintiff has moderate limitations in understanding, remembering

ORDER - 5

and persisting in complex instructions and learning new tasks. AR 346-47. Plaintiff has marked limitations in her ability to perform routine tasks without undue supervision, communicate and perform effectively in a work setting with either public or limited public contact, and maintain appropriate behavior in a work setting. AR 347. Dr. Wingate found plaintiff had a current global assessment of functioning ("GAF") score of 35, but had a GAF score of 55 prior to a motor vehicle accident that resulted in physical injuries to plaintiff. AR 346.

The ALJ gave little weight to the opinion of Dr. Wingate, and stated that Dr. Wingate

> opined that the claimant would be unable to sustain a regular workday or weekly schedule due to her psychological symptoms. However, this is largely based upon the claimant's self-report of symptoms, and is inconsistent with her finding that the claimant has a global assessment of function rating of 55, which, according to the *Diagnostic and Statistical Manual of Mental Disorders* at 32 (4th ed. 1994), is indicative of moderate symptoms. The claimant reported to Dr. Wingate that she sits on the couch, does Sudoku, crochets, watches movies, and talks to her best friends by phone (2F/4). Dr. Wingate also appears to have disregarded the claimant's admissions regarding cannabis dependence and the effect of her marijuana consumption upon the efficacy of her antidepressants. Furthermore, her overall assessment is inconsistent with the claimant's generally fair/average performance on the mental status examination.

AR 20.

Defendant agrees that the ALJ provided two legally insufficient reasons for rejecting Dr. Wingate's opinion: (1) the ALJ misread Dr. Wingate's report when stating that her opinions were inconsistent with a GAF score of 55 because Dr. Wingate assigned plaintiff a current GAF score of 35; and (2) Dr. Wingate does not appear to have disregarded plaintiff's admissions about marijuana use and its affect on plaintiff's antidepressant medication. *See* Dkt. 20, pp. 9-10. Defendant maintains, however, that the ALJ provided two legally sufficient reasons for rejecting Dr. Wingate's opinion. The ALJ found Dr. Wingate's opinion was based largely on plaintiff's

ORDER - 6

self-reports, and Dr. Wingate's overall assessment was inconsistent with plaintiff's performance on the MSE. *See id.* at pp. 10-12.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The [MSE] allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the [MSE] is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

ORDER - 7

Dr. Wingate performed an extensive and thorough MSE, listing a number of results. *See* AR 345-52. The MSE showed that plaintiff was able to recall four objects immediately and after five minutes, completed four digit spans forward and three backward, and completed a three step task. AR 350. Plaintiff had one error in both serial threes and serial sevens. *Id.* She knew the current president, but did not know the vice president or the governor. *Id.* Plaintiff had knowledge of current events and states bordering Washington. *Id.* Dr. Wingate noted that plaintiff performed in the impaired range in the trail making test. *See* AR 346.

Dr. Wingate also reported many of her own observations. *See* AR 345, 350. For example, Dr. Wingate observed that plaintiff presented as tearful, depressed and liable, was cooperative, had appropriate dress, average hygiene and grooming, and good eye contact. AR 350. Plaintiff had an average rate and volume of speech. *Id.* Dr. Wingate observed that plaintiff exhibited symptoms of a severely depressed mood, marked anger, intrusive thoughts and anxiety, and marked to severe personality disorder. AR 345.

Based on a review of the relevant record, the Court concludes that Dr. Wingate's opinion of plaintiff's limitations was not largely based on plaintiff's self-reported symptoms. Rather, Dr. Wingate provided a medical source statement that was based on Dr. Wingate's observations, the objective results of the MSE, and plaintiff's self-reported symptoms. Thus, the ALJ's finding that Dr. Wingate's assessment was based largely on plaintiff's self-reported symptoms is not supported by substantial evidence.

The ALJ also found that Dr. Wingate's opinion was entitled to little weight because it was inconsistent with plaintiff's "generally fair/average performance on the mental status examination." AR 20. The ALJ has failed to identify the specific evidence contained within the MSE that conflicts with Dr. Wingate's findings. The ALJ provided only a conclusory statement

ORDER - 8

that the MSE results do not support Dr. Wingate's finding, which is insufficient to reject a physician's opinion. *See Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The ALJ also failed to address specific limitations opined by Dr. Wingate. AR 20. Rather, the ALJ made a broad statement that Dr. Wingate found plaintiff was unable to sustain a regular workday or weekly schedule due to her symptoms. *Id.* The ALJ failed to discuss Dr. Wingate's findings that plaintiff has moderate limitations in understanding, remembering and persisting in complex instructions and learning new tasks, and marked limitations in her ability to perform routine tasks without undue supervision, communicate and perform effectively in a work setting with either public or limited public contact, and maintain appropriate behavior in a work setting. AR 346-47.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The ALJ failed to explain why her interpretation of plaintiff's difficulties resulting from plaintiff's psychological symptoms, rather than Dr. Wingate's opinion, is correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

ORDER - 9

Based on the above stated reasons and a review of the relevant record, the Court concludes that the ALJ's decision to give little weight to the opinion of Dr. Wingate is not specific and legitimate and supported by substantial evidence in the record.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In addition, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied

ORDER - 10

on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. Such is the case here.

Had the ALJ properly considered Dr. Wingate's opinion, she may have included additional limitations in the residual functional capacity ("RFC") and in the hypothetical questions posed to the vocational expert. As the ultimate disability decision may have changed, this error is not harmless.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Issues still remain regarding the evidence in the record concerning plaintiff's functional

ORDER - 11

capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 31st day of March, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12